UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE A GONYE,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, et al.,<br><br>Defendants. | Case No. 21-cv-05223-BLF<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE TO FILING MOTION FOR PRELIMINARY INJUNCTION** |

On July 7, 2021, pro se plaintiff Stephanie Gonye filed a complaint and an ex-parte motion for injunction, which this Court construes as a motion for a temporary restraining order. *See* Compl., ECF 1; Mot. ECF 4. Ms. Gonye alleges that her friend, "an international spy and a trained artificial intelligence developer, computer hacker and red hat team player, which means that for various governments she teaches people how to access protected computer systems…for personal profit," caused Defendant NASA to take her car, a Toyota Prius, into custody on June 19, 2021, for missing registration tags. Compl. 6. Ms. Gonye also alleges that this same unnamed friend won't let Defendant California Department of Motor Vehicles issue her a "true, accurate and compliant car registration car registration renewal without a fake Toyota software update of [her friend's] creation that is clearly an attempted theft of [Ms. Gonye's] car's computer cachement [sic] and likely an attempt to transfer technology between the US federal government and a Japanese corporation." *Id.*

Ms. Gonye requests this Court issue an injunction restraining Defendants from "using or taking my 2015 Toyota Prius and my household goods and other personal property in the custody of Defendants since June 19, 2021." Mot. 1-2. Ms. Gonye directs the Court to her Complaint for

her legal argument supporting this motion. *See id.*

Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). An injunction is a matter of equitable discretion and "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

While the Court agrees with Ms. Gonye that she has shown irreparable harm because she states that she was living in her car before it was impounded and thus us deprived of her home and belongings, Compl. 16, the Court finds that Ms. Gonye has not demonstrated that she is likely to succeed on the merits or that there are serious questions going to the merits of this case. She states that she is

> prepared to pay the monies to the Department of Motor Vehicles, per the exact accounting set forth in the California Vehicle Code as of the date of this pleading, calculated to the legal minimum payment require by the California Vehicle Code to obtain registration renewal for her car for 2021-2022, and should have the earliest possible restitution of her car to her custody, as Plaintiff's car is now used by Plaintiff as a sleeping area, an office, and a storage facility for some of her property, until she finds a traditional and affordable residence as a home.

Compl. 17. However, this does not articulate a legal basis for the Court to order Defendant NASA to return Ms. Gonye's car. Ms. Gonye also claims that Defendants' possession of her car violates her Fourth, Fifth, and Fourteenth Amendment rights, Compl. 2, but she has not articulated a basis

2

for the return of her car under any of those amendments. Accordingly, the Court DENIES Ms. Gonye's motion for a temporary restraining order WITHOUT PREJUDICE to Ms. Gonye moving for a preliminary injunction.

**IT IS SO ORDERED.**

Dated: July 9, 2021

_____
BETH LABSON FREEMAN
United States District Judge